IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DENNIS NELSON,

                              Plaintiff,               Civil Action No.
   v.                                      9:06-CV-1177 (TJM/DEP)

TED NESMITH, *et al.*,

                              Defendants.

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

DENNIS NELSON, *pro se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO        ADELE TAYLOR-SCOTT, ESQ.
Attorney General of               Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff Dennis Nelson, a New York State prison inmate who is

proceeding *pro se* and has been granted *in forma pauperis* ("IFP") status,

has commenced this action pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights.  The plaintiff, a prolific litigant who has initiated a series of actions in this and other courts challenging the medical care which he has received from prison medical personnel for a lower left leg condition, in this action once again alleges deliberate indifference to his serious medical needs based upon defendants' alleged failure to properly treat that condition.  As relief, plaintiff's complaint seeks recovery of $22.5 million in compensatory and punitive damages.[1]

Defendants have moved for revocation of plaintiff's IFP status and dismissal of his complaint, based upon the "three strikes" provision embodied in 28 U.S.C. § 1915(g).  Defendants' motion is predicated upon the dismissal of more than three prior civil rights actions previously brought by the plaintiff, and found to be without merit.  Because I conclude that plaintiff is subject to section 1915(g), and has not established a basis to invoke the limited "imminent danger" exception to that rule, I recommend that defendants' motion be granted, and the plaintiff be divested of his IFP status.

_____

[1]     Plaintiff's initial complaint, which was rejected by the court, sought recovery of $2.5 million in damages.  Dkt. No. 1.  In his more recent response to defendants' motion to vacate his IFP status, plaintiff states that he is now requesting a total of $225.5 million in relief.  *See* Dkt. No. 30 at p. 2.

I.      BACKGROUND[2]

Plaintiff is a prison inmate entrusted to the custody of the New York

State Department of Correctional Services ("DOCS"); although not

expressly so stated, it appears that at the times relevant to his claims in

this action Nelson was designated to the Great Meadow Correctional

Facility ("Great Meadow"), located in Comstock, New York.  Amended

Complaint (Dkt. No. 5) ¶¶ 2-6; *see also* Dkt. Nos. 8-9 (acknowledgments

of service upon defendants Nesmith and Whalen, both bearing mailing

addresses for Great Meadow).  Liberally construed, plaintiff's amended

complaint seemingly alleges that while confined at Great Meadow he was

denied adequate medical treatment for a serious gangrenous condition to

his lower left leg which, he asserts, will spread to other parts of his body if

not properly treated.  Amended Complaint (Dkt. No. 5) § 2 at ¶¶ 9-12.

Plaintiff further notes, however, that he is "scheduled for surgrey [sic] for

the [doctor and physician's assistant] to have [his] leg cut off . . . ."  *Id.* at

¶ 11.

The alleged failure of medical personnel within the DOCS to

---

[2]      The allegations set forth in plaintiff's amended complaint, the operative
pleading in this action, are scant, and notably bereft of specifics regarding the
involvement of the defendants in the alleged failure to treat his leg condition.

properly treat plaintiff's lower left leg condition has been a common theme of many actions brought by him in this and other courts.  An action filed by Nelson in the Western District of New York on January 7, 2004, asserting similar claims, was dismissed under 28 U.S.C. § 1915(g), based upon the finding that four previously filed actions were previously dismissed by that court and IFP status was denied in six other matters.  *See Nelson v. Conway,* No. 04-CV-6005 CJS (Fe) (W.D.N.Y., filed 2004).  The Western District rejected plaintiff's claim that by virtue of his condition he faced imminent danger of serious physical injury, noting in passing that plaintiff had filed at least two prior actions claiming denial of adequate treatment and alleging potential amputation of his left leg.  *See id*.

In August of 2005, plaintiff commenced another suit in this court asserting a medical indifference claim strikingly similar to that now before the court in this action, with the exception that as defendants the suit names various personnel at the Clinton Correctional Facility.[3]  *Nelson v. Lee,* No. 9:05-CV-1096 (NAM/DEP) (N.D.N.Y., filed 2005).  In that action, as was the case with respect to Nelson's earlier Western District suit, his IFP status was revoked and the complaint was dismissed based upon 28

---

[3]      Plaintiff's complaint in that action also alleged that Nelson was not provided with adequate pain medication to address his condition.

4

U.S.C. § 1915(g) and plaintiff's failure to file the requisite filing fee, in

accordance with a report and recommendation issued by me on

November 2, 2007 and subsequently adopted by Chief Judge Norman A.

Mordue on December 5, 2007.[4]  *Nelson v. Lee,* No. 9:05-CV-1096, 2007

WL 4333776 (N.D.N.Y., Dec. 5, 2007).  Significantly, in his decision

rejecting objections lodged by the plaintiff to my report and

recommendation Chief Judge Mordue noted that according to Nelson,

amputation surgery by an outside specialist had been scheduled to

address his leg condition.  *Id.* at *1.

II.    <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on September 26, 2006, additionally

requesting permission to proceed *in forma pauperis*.  Dkt. Nos. 1, 2.

While IFP status was granted, in a decision and order issued by Senior

District Judge Thomas J. McAvoy on October 18, 2006, it was determined

that plaintiff's complaint failed to satisfy the governing pleading

requirements; Nelson was therefore directed to file a compliant, amended

pleading within thirty days.  Dkt. No. 4.  Plaintiff subsequently filed an

---

[4]    In my report in that action it was noted that according to a search of
relevant indices plaintiff has filed at least fifty separate actions within the districts
comprising the Second Circuit since November of 1996.  *Nelson,* 2007 WL 433776, at
*2, n.1.

amended complaint on October 27, 2006 naming Ted Nesmith, P.A., Mr.

Vanguilder, D.S.S., Dr. Whalen, Ph.D., Richard Potter, and Dept. Gillis as

defendants, though later on in that pleading requesting that Vanguilder,

Potter, and Gillis be dismissed from the action.  Amended Complaint (Dkt.

No. 5).

On November 7, 2007 the remaining two defendants moved for

revocation of plaintiff's IFP status and dismissal of plaintiff's action

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and 28

U.S.C. § 1915(g).  *See* Dkt. No. 23-2.  Defendants' motion, which plaintiff

has opposed, *see* Dkt. No. 30, is now ripe for determination and has been

referred to me for the issuance of a report and recommendation, pursuant

to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule

72.3(c).  *See also* Fed.R.Civ.P. 72(b).

III.    DISCUSSION

A.    Judgment on the Pleadings

Defendants' motion is brought pursuant to Rule 12(c) of the Federal

Rules of Civil Procedure, which governs the entry of judgment on the

pleadings.[5]  When analyzing a Rule 12(c) motion, I must apply the same

---

[5]    Rule 12(c) provides that "[a]fter the pleadings are closed – but early
enough not to delay trial – a party may move for judgment on the pleadings."  Rule

standard as that applicable to a motion under Rule 12(b)(6).  *See, e.g.*, *Sheppard v. Baerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.).

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v.*

---

12(d) further mandates that:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

*Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'") (quoting *Twombly*).  "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this

9

backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

     B.    <u>Three Strikes Provision Generally</u>

     In their motion defendants invoke 28 U.S.C. § 1915(g), arguing that under that section plaintiff's litigation history, which includes at least three merit-based dismissals, warrants revocation of his IFP status.

     Section 1915(g), which was enacted as part of sweeping inmate

litigation reform brought about by adoption of the Prison Litigation Reform
Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), though
engendering far less litigation than some of its PLRA counterparts
including, notably, the exhaustion of remedies requirement of 42 U.S.C. §
1997e(a), provides that

> [i]n no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  The manifest intent of Congress in enacting this
"three strikes" provision was to curb prison inmate abuses and to deter
the filing of multiple, frivolous civil rights suits by prison inmates.  *Tafari v.
Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlychak*, No. 9:02-
CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J.
& Treece, M.J.).  The prophylactic effect envisioned under section 1915(g)
is accomplished by requiring a prisoner who has had three previous
strikes to engage in the same cost-benefit analysis that other civil litigants
must make before deciding whether to commence suit, accompanied by

11

the filing of the full fee – that is, to assess whether the result to be achieved justifies the filing fee expenditure.  *Tafari*, 473 F.3d at 444; *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).  As the Second Circuit has noted, in the context of PLRA amendments requiring inmates to authorize prison officials to make deductions from inmate accounts to be applied as partial payments of appellate filing fees for prisoners granted *in forma pauperis* status,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing law suits.  Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately  to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom.*, *Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (internal citations omitted); *see also Gill*, 2006 WL 3751340, at *2.

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory

interpretation, and as such a question for the court.[6]  *Tafari*, 473 F.3d at

442-43.  In determining whether a dismissal satisfies the failure to state a

claim prong of the statute, implicated in this case, courts have drawn upon

the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for

guidance, particularly in light of the similarity in phrasing utilized in the two

provisions.  *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005)).

    C.    <u>Application of Section 1915(g)</u>

    Defendants' motion fails to include citation to any specific suits

which would constitute "strikes" for purposes of section 1915(g).  A

detailed analysis of plaintiff's prior litigation history, however, is

unnecessary given prior findings by both the Western District of New York

and this court, to the effect that while confined as a New York State prison

inmate plaintiff has filed at least three prior civil rights complaints

dismissed for lack of merit.  *Nelson*, 6:04-CV-6005 (CJS/JWF), Dkt. No. 4,

---

      [6]      The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed").

Slip.op. at 2; *Nelson*, 2007 WL 4333776, at *5.  In light of these findings,

which are not cast in doubt by plaintiff's responsive submission, I

conclude that plaintiff has had three prior actions dismissed under

circumstances which would qualify as strikes for purposes of section

1915(g).  Accordingly, plaintiff's IFP status in this case is subject to

recision absent a finding that he qualifies for the narrow, imminent danger

exception found in section 1915(g).

      D.    <u>Imminent Danger Exception</u>

      As a safety valve, obviously intended to protect a prison inmate

exposed to potential danger from the harsh consequences of his or her

earlier folly, section 1915(g) provides that a prisoner who is in "imminent

danger of serious physical injury" may avoid application of the three

strikes rule of section 1915(g).  *See* 28 U.S.C. § 1915(g); *see also Malik

v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  In accordance with this

exception, an inmate who has had three prior "strikes" but nonetheless

wishes to commence a new action *in forma pauperis* must show that he or

she was under imminent danger at the time of filing; the exception does

not provide a basis to avoid application of the three strikes on the basis of

past harm.  *Malik*, 293 F.3d at 562-63.  An inmate who claims the benefit

14

of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."  28 U.S.C. § 1915(g).  The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.  *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

The term "serious physical injury," as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]"  *Ibrahim*, 463 F.3d at 7.  In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury.  *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).  Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease,"

15

*Ibrahim*, 463 F.3d at 6-7; and patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

As is the case with regard to the question of whether plaintiff has had three prior "strikes," this court has similarly ruled in the past on the question of whether plaintiff's leg injury arises to a level to establish imminent danger of serious physical injury. *See Nelson*, 2007 WL 4333776, at *6. Noting District Judge Siragusa's earlier conclusion to the same effect in *Nelson v. Conway*, as well as indicating that the desired amputation appears to have been scheduled, in that prior action Chief Judge Mordue concluded that imminent danger had not been demonstrated. *Id*.

After carefully reviewing the facts now presented, including those both disclosed in plaintiff's amended complaint and as set forth in his opposition to the instant motion, I discern no basis to distinguish those prior rulings, and find that in this case plaintiff has not demonstrated the existence of an imminent danger to the extent contemplated by Congress

16

when enacting section 1915(g).  Accordingly, plaintiff does not qualify for relief from the application of the three strikes provision.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

The record now before the court firmly establishes that three prior civil rights actions brought by the plaintiff during his time as a prison inmate have been dismissed on their merits for failure to state claims upon which relief may be granted.  Since the evidence presented also fails to reveal any basis to conclude that plaintiff is in imminent danger of serious physical injury, plaintiff is therefore not entitled to an exemption from the effects of the three strikes provision of 28 U.S.C. § 1915(g) in this action.  Accordingly, recognizing that the net result of these findings is not denial altogether of plaintiff's access to the courts, but rather only the requirement that he conclude that pursuit of his civil rights claims justifies the expenditure in advance of the full applicable filing fee, it is hereby

RECOMMENDED that:

1)   The order granting the plaintiff IFP status (Dkt. No. 4) be VACATED.

2)   Defendants' motion to dismiss plaintiff's amended complaint (Dkt. No. 23) be GRANTED as to all defendants and all claims unless

plaintiff pays the full required filing fee of $350.00 within thirty days after the entry of a final order by the district court addressing this recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.


Dated:  July 2, 2008
        Syracuse, NY



David E. Peebles
U.S. Magistrate Judge